*875 OPINION OF THE COURT
Thomas Farber, J.
Petitioner, by his attorney, has filed a writ of habeas corpus seeking vacatur of a parole warrant and release to parole supervision. Petitioner alleges that his right to due process and fundamental fairness was denied when the Division of Parole, having failed to establish probable cause at a preliminary hearing, filed a second parole warrant containing a “new” charge arising out of the same underlying incident as the initial charges that were not sustained. Under the specific facts of this case, I find that petitioner was denied due process and that the writ should be sustained.
Petitioner was convicted of assault in the second degree and criminal possession of a weapon in the third degree. He was sentenced to concurrent terms of 4 years and U/s to 4 years respectively. Petitioner was released to parole supervision on April 25, 2003. Since petitioner resides in Mount Vernon, he was being supervised in Westchester County, and one of the conditions of his parole was that he not leave the county without permission from his parole officer.
Petitioner was arrested and charged with robbery and related offenses in Bronx County on April 21, 2006. He was declared delinquent as of that date. Parole warrant No. 411663 was executed on April 26, 2006. The violation of release report contained six charges, all relating to petitioner’s arrest for robbery and related charges on April 21, 2006 in Bronx County. The first five specifications related to the substantive allegations of petitioner’s new case. The sixth charge alleged that petitioner had violated his curfew by being out of his residence after 7:00 p.m. The charges read as follows:
“Charge No.l: Subject violated Rule #8 of the rules governing parole in that on 4/21/06 at 0415 hrs in the location of East 236th Street at White Plains, (Rd, Bx. NY[1] ) subject forcibly removed property from complaining victim.
“Charge #2: Subject violated rule #8 of the rules governing parole in that on 4/21/06 at 0415 hrs in the location of East 236th Street, White Plains, NY, subject displayed a firearm.
“Charge #3: Subject violated rule #8 of the rules *876 governing parole in that on 4/21/06 at 0415 hrs in the location of East 236th Street, White Plains, NY, subject had in his possession stolen property.
“Charge #4: Subject violated rule #8 of the rules governing parole in that on 4/21/06 at 0415 hrs in the location of East 236th Street, White Plains, NY, subject was in possession of a stolen vehicle.
“Charge #5: Subject violated rule #11 of the rules governing parole in that on 4/21/06 at 0415 hrs in the location of East 236th Street, White Plains, NY, subject had in his possession a controlled substance, to wit: Marijuana w/o proper medical authorization.
“Charge #6: Subject violated rule #13 of the rules governing parole in that on 4/21/06 he failed to abide by the curfew given to him on 5/13/03 indicating that he be at his approved residence of 435 East 5th Street, Mt. Vernon, NY between the hours of 9AM-7PM/7Days.”
Since the warrant was executed on April 26, 2006, the Division had 15 days — until May 11 — to establish, at a preliminary hearing, probable cause that petitioner had violated a condition of his release in an important respect. (Executive Law § 259-i [3] [c] [ivj.) The preliminary hearing was scheduled and adjourned two times. Both times the arresting officer failed to appear. Accordingly, on May 11, 2006, the warrant was dismissed.
Petitioner, however, was not restored to parole, because on that same date, May 11, 2006, the Division filed a second warrant (No. 411715). The second warrant contained only one charge: “Subject violated rule #13 of the rules governing parole in that on 4/21/06 he failed to abide by the special condition signed by him indicating that he not leave Westchester County w/o prior permission from his parole officer. The subject was arrested in Bronx, NY on 4/21/06.” This charge arose out of petitioner’s arrest in Bronx County for the exact same charges that were the subject of the specifications contained in the first warrant that had just been dismissed.
The filing of this “new” charge had the effect of starting a new 15-day period for a preliminary hearing. The hearing was held and probable cause was found. Petitioner is awaiting his final hearing.
Petitioner argues that the facts underlying the sole charge in the second warrant were known to the Division at the time the *877 first warrant was issued and that failure to include this charge in the first warrant violated his right to due process. Respondents argue that petitioner’s parole officer mistakenly believed that the arrest had occurred in White Plains (rather than White Plains Road in Bronx County) and thus did not have actual knowledge of the violation when the initial charges were filed. Respondents also argue that the Division has no obligation to file a warrant within any specified period of time nor to include all available violations in a single warrant.
Much of respondents’ opposition papers is devoted to the argument that the Division is under no obligation to execute a parole warrant within any specific time after learning of a violation.[2] While this is undoubtedly true, it entirely misses the point of petitioner’s argument. Petitioner is not arguing that the Division waited an unreasonable time to file the violation. Rather, petitioner is arguing that respondents improperly withheld a charge that could have been filed with the initial six charges, and that due process and fundamental fairness required that all charges arising out of the same incident be filed together.
While I could find no reported cases on point, there are several unreported cases that support petitioner’s argument. In People ex rel. Galacia v Warden (Sup Ct, Bronx County, June 1990, Hecht, J., Index No. 1036/90), the Division executed a parole warrant against a parolee. The notice of violation report contained four charges based on the parolee allegedly absconding from parole supervision. At the time the first warrant was executed, the parolee was incarcerated based on a new arrest. After a preliminary hearing, the hearing officer held that the Division failed to establish probable cause and the warrant was vacated. Ten days later, a second parole warrant was issued charging the parolee with failing to notify his parole officer of his new arrest. Following a preliminary hearing on this warrant, probable cause was found. In sustaining the writ of habeas corpus, the court held that the charge in the second warrant was a technical violation that would not require time to *878 investigate and the Division had ample time to have that charge presented at the first preliminary hearing. The court stated:
“Under the circumstances, the Division may not be afforded a second opportunity to substantiate a charge which the Division was clearly made aware of prior to the execution of the first parole warrant. . . . [A] . . . parole violation may not be held in abeyance until after the Division fails to obtain a finding of probable cause at the first preliminary hearing when there is evidence that the relevant facts were in its possession.” (Id.)
Similarly, in People ex rel. Als v Warden (Sup Ct, Bronx County, July 2, 1990, Hecht, J., Index No. 1450/90), a parolee was convicted of felony charges in Virginia and returned to New York on a parole warrant. The warrant was lifted administratively and the delinquency cancelled because the Division failed to serve notice of the parole violation charges in a timely fashion.[3] Shortly thereafter, the Division lodged a second warrant, charging, among other things, that the parolee left New York State without his parole officer’s permission. Finding that the Division had “arbitrarily held in abeyance” the charge of leaving the state without permission, the court sustained the writ of habeas corpus:
“The Court is of the opinion that the decision of the Division to proceed on certain charges while holding back other charges which could easily have been supplemented to the original Violation of Parole Report is not an acceptable practice. There is no evidence of bad faith on the Division’s part. However, it is fundamentally unfair to expose a parolee to a subsequent prosecution(s) on so called ‘new’ warrants which in fact are founded on evidence readily available to the Division well in advance of the execution of an original warrant.” (Id.)
In the instant case, the facts are even more compelling, since the charge contained in the second warrant was simply a technical charge arising out of the same incident underlying the charges contained in the first warrant. Petitioner committed a new crime, outside of Westchester County, at an hour that was past his curfew. All but the “out of county without permission” charge appeared in the first warrant. This charge should have been included as well.
*879 Respondents cite two cases in support of the proposition that not all charges need be included in a single warrant, but these cases are readily distinguishable. In People ex rel. Banks v Warden (Sup Ct, Bronx County, Mar. 19, 1996, Torres, J., Index No. 745/96), a parole warrant was issued on July 25, 1995 and lodged on August 9, 1995. On August 3, 1995 (after the first warrant was issued, but before it was lodged) the parolee was rearrested. Following dismissal of the initial charges, a second parole warrant was lodged including charges relating to the August 3 arrest. Noting that the new charges could not have been included in the original warrant, the court held that the Division was entitled to a reasonable time to investigate the new charges and was under no obligation to add them to the existing warrant.
Similarly, in People ex rel. McCallum v New York State Div. of Parole (Sup Ct, Bronx County, May 3, 1999, Bernstein, J.), the parolee’s first warrant was dismissed when probable cause was not established at the preliminary hearing. Immediately thereafter, the parolee’s parole officer was ordered to issue a new warrant alleging that the parolee’s most recent urine test had indicated positive for the use of cocaine and marijuana. The court dismissed the writ, noting:
“The [D]ivison of Parole is not required to bring new charges within a specified time after the acts which form the basis of those charges occur. Similarly they are not required to wait and include all potential charges in one violation if it is not possible. In this case, there was no possible way to include the new charges in the first warrant since the new drug use charges could not be ascertained scientifically until after the first warrant’s issuance.” (Emphasis supplied.)
First, in neither of these cases did the second charge arise out of the same incident as the first charge. Second, and more importantly, in each of these cases the new charge was not known to the Division at the time the first charges were filed. These cases stand only for the proposition that the Division is entitled to time to investigate new charges, and is not required to add them to an existing warrant if it is not possible to do so or if additional time is needed to investigate.
Respondents claim that petitioner’s parole officer did not bring the initial charges because she at first believed that the crime had been committed in White Plains (in Westchester *880 County) rather than on White Plains Road (in Bronx County), and needed time to “investigate.” Respondents have submitted a somewhat conclusory affidavit from the parole officer stating that at first she believed the incident had occurred in White Plains. I cannot make a finding as to whether or not the officer in fact believed that the incident had occurred in White Plains. If, however, the parole officer in fact believed that the incident had occurred in White Plains, it could only be because she inexcusably ignored facts that would indicate to any reasonably prudent person that the incident occurred in Bronx County. The violation of release report for the original warrant (apparently filed Apr. 26, 2006 and attached as an exhibit to petitioner’s moving papers) states that the defendant is “being held at the barge” (a correctional facility in Bronx County) and that his “[n]ext court date is scheduled for 4/27/06 at Bronx Criminal Court.” (Emphasis supplied.) The arrest report attached to the parole officer’s affidavit which apparently provided the confusion by listing the occurrence in shorthand as “EAST 236 STR WHITE PLAINS” is clearly labeled as a New York City Police Department arrest report, and lists the arresting officer as “NYPD.” Under these circumstances, the Division must be charged with constructive knowledge of the location of arrest even if the parole officer did not have actual knowledge.
The Executive Law permits a parolee to be held on a parole warrant, but mandates that a preliminary hearing be held within 15 days. (Executive Law § 259-i [3] [c] [i].) The strict time limits in the Executive Law ensure that a parolee is not incarcerated for more than a short time without a determination of probable cause by an independent hearing officer. (See generally Morrissey v Brewer, 408 US 471, 485-487 [1972].) Were the Division permitted without cause to take a single incident involving multiple violations and file them one at a time rather than all together, it would permit a near indefinite extension of the 15-day period.[4]
In sum, where the Division has a legitimate reason for not including a specification in an initial warrant, even if it arises out of the same incident, there is no rule which requires that *881 all specifications be included at once. Where, however, as here, all of the violations arise out of the same incident, and there is no legitimate reason for not including the violations together in one warrant, as a matter of due process and fundamental fairness I hold that the charges should be brought together.
Accordingly, petitioner’s writ of habeas corpus is sustained, the warrant is vacated and petitioner is ordered restored to parole status.

. This identifying information was a handwritten correction to the typed information contained in the report. There is no indication when this information was added to the report.

. See People ex rel. Cross v New York State Div. of Parole, 261 AD2d 108 (1st Dept 1999); People ex rel. Merritt v New York State Div. of Parole, 257 AD2d 435 (1st Dept 1999); People ex rel. Williams v New York State Div. of Parole, Sup Ct, Bronx County, Apr. 12, 2005, Clancy, J.; People ex rel. Mammina v New York State Div. of Parole, Sup Ct, Bronx County, Apr. 29, 2003, Moore, J.; People ex rel. Sanchez v Warden, Sup Ct, Bronx County, Mar. 29, 1996, Stadmauer, J.; People ex rel. Pope v New York State Div. of Parole, Sup Ct, Bronx County, Feb. 2, 1996, Hecht, J.

. It is not clear from the opinion what charges were contained in the first warrant.

. Where an absconder, for example, was returned after a year, could the department file 52 separate violations, one after the other for failing to report for each week and keep the parolee incarcerated for 52 successive 15-day periods without a preliminary hearing?